**FOX ROTHSCHILD LLP**
Michael G. Menkowitz, Esq.
Martha B. Chovanes, Esq.
Jesse M. Harris, Esq.
Matthew A. Skolnick, Esq.
Two Commerce Square
2001 Market Street – Suite 1700
Philadelphia, PA 19103
215-299-2000
mmenkowitz@foxrothschild.com
mchovanes@foxrothschild.com
jesseharris@foxrothschild.com
mskolnick@foxrothschild.com

*Proposed Attorneys to Andrew Sklar, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: <br><br> C&D Brewing Company of Marlton, LLC, <br><br>         Debtor. <br><br> Tax I.D. No. 26-2767250 | Chapter 7 <br><br> Case No. 25-20450 (JNP) |
| In re: <br><br> C&D Brewing Company of Voorhees, LLC, <br><br>         Debtor. <br><br> Tax I.D. No. 45-5339118 | Chapter 7 <br><br> Case No. 25-20451 (JNP) |
| In re: <br><br> Chesapeake & Delaware Brewing Company, LLC, <br><br>         Debtor. <br><br> Tax I.D. No. 52-2032130 | Chapter 7 <br><br> Case No. 25-20452 (JNP) |
| In re: <br><br> C&D Brewing Company of Lancaster, LLC, <br><br>         Debtor. <br><br> Tax I.D. No. 20-5495818 | Chapter 7 <br><br> Case No. 25-20453 (JNP) |

| | |
|---|---|
| In re: <br><br> C&D Brewing Company of Wilmington, LLC, <br><br> Debtor. <br><br> Tax I.D. No. 65-1164042 | Chapter 7 <br><br> Case No. 25-20454 (JNP) |
| In re: <br><br> C&D Brewing Company of Media, LLC, <br><br> Debtor. <br><br> Tax I.D. No. 23-3010706 | Chapter 7 <br><br> Case No. 25-20455 (JNP) |
| In re: <br><br> Iron Hill Brewery of Lehigh Valley, LLC, <br><br> Debtor. <br><br> Tax I.D. No. 93-1963431 | Chapter 7 <br><br> Case No. 25-20456 (JNP) |
| In re: <br><br> C&D Brewing Company of Chestnut Hill, LLC, <br><br> Debtor. <br><br> Tax I.D. No. 24-4773404 | Chapter 7 <br><br> Case No. 25-20457 (JNP) |
| In re: <br><br> Iron Hill Brewery of Columbia, LLC, <br><br> Debtor. <br><br> Tax I.D. No. 85-3763635 | Chapter 7 <br><br> Case No. 25-20458 (JNP) |
| In re: <br><br> Iron Hill Brewery of Perimeter, LLC, <br><br> Debtor. <br><br> Tax I.D. No. 84-3410005 | Chapter 7 <br><br> Case No. 25-20459 (JNP) |

| | |
|---|---|
| In re:<br><br>C&D Brewing Company of Montomgeryville, LLC,<br><br>      Debtor.<br><br>Tax I.D. No. 56-2289479 | Chapter 7<br><br>Case No. 25-20460 (JNP) |
| In re:<br><br>Iron Hill Brewery of Eagleview, LLC,<br><br>      Debtor.<br><br>Tax I.D. No. 84-3064703 | Chapter 7<br><br>Case No. 25-20461 (JNP) |
| In re:<br><br>C&D Brewing Company of Ardmore, LLC,<br><br>      Debtor.<br><br>Tax I.D. No. 38-3910123 | Chapter 7<br><br>Case No. 25-20462 (JNP) |
| In re:<br><br>Iron Hill Brewery of Buckhead, LLC,<br><br>      Debtor.<br><br>Tax I.D. No. 84-2291794 | Chapter 7<br><br>Case No. 25-20463 (JNP) |
| In re:<br><br>Iron Hill Brewery of South Carolina, LLC,<br><br>      Debtor.<br><br>Tax I.D. No. 82-2301851 | Chapter 7<br><br>Case No. 25-20464 (JNP) |
| In re:<br><br>C&D Brewing Company of Phoenixville, LLC,<br><br>      Debtor.<br><br>Tax I.D. No. 20-2541313 | Chapter 7<br><br>Case No. 25-20465 (JNP) |

| | |
|---|---|
| In re:<br><br>Iron Hill Brewery of Newtown, LLC,<br><br>               Debtor.<br><br>Tax I.D. No. 83-3796182 | Chapter 7<br><br>Case No. 25-20466 (JNP) |
| In re:<br><br>C&D Brewing Company of Pennsylvania, LLC,<br><br>               Debtor.<br><br>Tax I.D. No. 23-2940585 | Chapter 7<br><br>Case No. 25-20468 (JNP) |
| In re:<br><br>Iron Hill Brewery of Hershey, LLC,<br><br>               Debtor.<br><br>Tax I.D. No. 82-3735290 | Chapter 7<br><br>Case No. 25-20469 (JNP) |
| In re:<br><br>C&D Brewing Company of Huntingdon Valley, LLC,<br><br>               Debtor.<br><br>Tax I.D. No. 47-4503213 | Chapter 7<br><br>Case No. 25-20470 (JNP) |
| In re:<br><br>Iron Hill Brewery of Rehoboth Beach, LLC,<br><br>               Debtor.<br><br>Tax I.D. No. 82-1498467 | Chapter 7<br><br>Case No. 25-20471 (JNP) |
| In re:<br><br>Iron Hill Brewery East Market, LLC,<br><br>               Debtor.<br><br>Tax I.D. No. 81-4889863 | Chapter 7<br><br>Case No. 25-20472 (JNP) |

| | |
|---|---|
| In re:<br><br>Iron Hill Brewery, LLC,<br><br>      Debtor.<br><br>Tax I.D. No. 47-5645042 | Chapter 7<br><br>Case No. 25-20476 (JNP) |

**TRUSTEE'S APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF FOX ROTHSCHILD LLP AS ATTORNEYS TO THE TRUSTEE, EFFECTIVE AS OF OCTOBER 7, 2025**

TO THE HONORABLE JERROLD N. POSLUSNY:

  Andrew Sklar (the "Trustee"), the Chapter 7 trustee for the estates of the above-captioned debtors (collectively, the "Debtors"), respectfully requests the entry of an Order, pursuant to 11 U.S.C. §§ 327(a), 329 and 330, Fed. R. Bankr. P. 2014(a), and N.J. Bankr. L.R. 2014-1, authorizing the employment and retention of Fox Rothschild LLP ("Fox Rothschild") as his attorneys in these cases, effective as of October 7, 2025 (the "Application"). In support of this Application, the Trustee submits the Certification of Michael G. Menkowitz, Esquire (the "Menkowitz Certification"), which is attached hereto as **Exhibit A** and incorporated by reference herein, and respectfully represents as follows:

**JURISDICTION**

  1. This Court has jurisdiction to consider this matter, pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), and the *Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey*, dated September 18, 2012 (Simandle, C.J.). This is a core proceeding, pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court, pursuant to 28 U.S.C. §§ 1408 and 1409.

  2. The bases for the relief requested herein are Sections 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure

5

(the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

## BACKGROUND

3. On October 3, 2025 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Court"), commencing the above-captioned Chapter 7 cases (the "Chapter 7 Cases").[1]

4. On October 6, 2025, the Office of the United States Trustee appointed the Trustee as Chapter 7 trustee, which appointment remains in effect [Docket No. 3].[2]

## RELIEF REQUESTED

5. By this Application, the Trustee seeks authorization to employ and retain Fox Rothschild as his attorneys in connection with the filing and prosecution of these Chapter 7 Cases, effective as of October 7, 2025, pursuant to Section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1. The Trustee further requests that the Court approve the retention of Fox Rothschild under an hourly fee arrangement, in accordance with Fox Rothschild's normal hourly rates in effect at the time services are rendered and Fox Rothshcild's normal expense reimbursement policies.

---

[1] Debtor Iron Hill Brewery, LLC filed its voluntary petition on October 4, 2025. Nevertheless, for purposes of this Application, the Trustee will refer to the Petition Date for all the Debtors as October 3, 2025.

[2] All Docket I.D.s referenced in this Application pertain to documents filed in the Iron Hill Brewery, LLC case (Case No. 25-20476).

6

**FOX ROTHSCHILD'S QUALIFICATIONS**

6. The Trustee has selected Fox Rothschild because the members and associates of Fox Rothschild possess extensive knowledge and considerable expertise in the fields of bankruptcy, insolvency, reorganization, debtors' and creditors' rights, debt restructuring, and corporate reorganizations, among others. In addition, the attorneys at Fox Rothschild also have substantial experience appearing before the courts in this district and are familiar with local practices and procedures. The Trustee believes Fox Rothschild has assembled a team of highly-qualified professionals and paraprofessionals to provide services to it in these Chapter 7 Cases.

7. In sum, the Trustee believes that Fox Rothschild is well-suited to represent it in these proceedings and that the services of Fox Rothschild are necessary and essential to the Trustee's performance of his fiduciary duties under the Bankruptcy Code.

**SERVICES TO BE PROVIDED**

8. The Trustee seeks to retain Fox Rothschild as his attorneys to represent him in his capacity as chapter 7 trustee and perform legal services, including but not limited to:

(a) Provide legal advice with respect to the powers and duties as a Trustee;

(b) prepare such administrative and procedural applications and motions as may be required for the sound conduct of these Chapter 7 Cases;

(c) prepare on the Trustee's behalf all necessary and appropriate applications, motions, pleadings, orders, notices, petitions, schedules, and other documents to be filed in the Chapter 7 Cases;

(d) advise the Trustee concerning, and prepare responses to, applications, motions, pleadings, notices, and other pleadings or documents which may be filed in the Chapter 7 Cases;

(e)      appear in Court and protect the interests of the Trustee, the estates, and the creditors;

(f)      advise the Trustee concerning the actions he might take to collect and recover property for the benefit of the Debtors' estates;

(g)      review the nature and validity of any liens asserted against the Debtors and advise as to the enforceability thereof;

(h)      review and object to claims; and

(i)      perform all other legal services for and on behalf of the Trustee which may be necessary or appropriate in the administration of these Chapter 7 Cases.

**PROFESSIONAL COMPENSATION**

9.      The Trustee understands that Fox Rothschild intends to apply to the Court for the allowance of compensation and reimbursement of out-of-pocket expenses incurred after the Petition Date in connection with the Chapter 7 Cases on an hourly basis, subject to Court approval, and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any Orders entered in these Chapter 7 Cases governing the compensation and reimbursement of professionals for services rendered and charges and disbursements incurred.

10.      The Trustee understands that, subject to the Court's approval, Fox Rothschild will be compensated at its standard hourly rates, which are based on the professionals' level of experience. The attorneys and paralegals primarily responsible for representing the Trustee and their current standard hourly rates are:

| **Name** | **Title** | **Hourly Rate** |
|---|---|---|
| Michael G. Menkowitz | Partner | $1,275.00 |
| Martha B. Chovanes | Partner | $1,100.00 |
| Jesse M. Harris | Partner | $625.00 |
| Matthew A. Skolnick | Associate | $495.00 |

| **Name** | **Title** | **Hourly Rate** |
|---|---|---|
| Robin I. Solomon | Paralegal | $555.00 |
| Marcia L. Steen | Paralegal | $505.00 |

11. Other attorneys, paralegals, and case management professionals may be involved in the representation of the Trustee throughout the course of these Chapter 7 Cases. The range of hourly rates for such professionals will be consistent with the rates outlined above.

12. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Any such adjustments will be reflected in Fox Rothschild's fee requests. There are no alternative fee arrangements from customary billing. Further, no professional has varied his or her rate based on geographic location.

13. The Trustee understands and agrees that Fox Rothschild will charge for its legal services on an hourly basis, in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered and for out-of-pocket expenses, all as set forth in the Menkowitz Certification.

14. The Trustee understands and agrees that Fox Rothschild will maintain detailed, contemporaneous records of time and any necessary costs and expenses incurred in connection with rendering the legal services described above, and that the estates will be charged for all disbursements and expenses incurred in the rendition of services. These disbursements and

expenses include, among other things, costs for telephone and facsimile charges, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees, and other fees related to trials and hearings (including transcripts). Fox Rothschild believes it is more fair to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

15. It is the Trustee's understanding that Fox Rothschild will submit detailed statements to the Court setting forth the services rendered and seeking compensation and reimbursement of expenses.

16. Fox Rothschild has not received or requested a retainer in these Chapter 7 Cases.

### **DISINTERESTEDNESS OF PROFESSIONALS**

17. The Menkowitz Certification describes the relationships, if any, that Fox Rothschild has with creditors of the Debtors and other interested parties. As set forth in the Menkowitz Certification, Fox Rothschild does not believe that any of those relationships would preclude the Trustee's retention of Fox Rothschild under Section 327(a) of the Bankruptcy Code in that Fox Rothschild (i) does not represent any other entity having an adverse interest to the Trustee, the Debtors, their estates, or any other party-in-interest in connection with these Chapter 7 Cases; (ii) is a disinterested person under Section 101(14) of the Bankruptcy Code; and (iii) has no connection with the U.S. Trustee or any other person employed in the office of the U.S. Trustee. The Trustee has been informed that Fox Rothschild will continue conducting a review of its files to ensure that no disqualifying circumstances arise. If any new relevant facts or relationships are discovered, Fox Rothschild will supplement its disclosures to the Court.

**STATEMENT REGARDING U.S. TRUSTEE GUIDELINES**

18. Fox Rothschild recognizes that the United States Trustee for the District of New Jersey (the "U.S. Trustee") is charged with reviewing applications for retention and compensation and that the U.S. Trustee will utilize the U.S. Trustee Guidelines to evaluate any such applications.

19. Fox Rothschild intends to comply with any requests from the U.S. Trustee for additional information and disclosures, as set forth in the U.S. Trustee Guidelines, both in connection with this Application and any fee applications to be filed by Fox Rothschild in these Chapter 7 Cases.

20. Moreover, as described in the Menkowitz Certification, and consistent with the U.S. Trustee Guidelines, the Trustee has undertaken certain steps to ensure that the rate structure provided by Fox Rothschild is not significantly different from (a) the rates that Fox Rothschild charges for other non-bankruptcy engagements or (b) the rates that other comparable counsel would charge to do work substantially similar to the work Fox Rothschild will perform in these Chapter 7 Cases.

**BASIS FOR RELIEF REQUESTED**

21. Section 327(a) of the Bankruptcy Code authorizes a trustee, with the court's approval, to "employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).

22. Bankruptcy Rule 2014(a) requires that an application for retention include specific facts showing (a) the need for the employment, (b) the name of the firm to be employes, (c) the reason for the selection, (d) the professional services to be rendered, (e) any proposed arrangement for compensation, and (f) to the best of the applicant's knowledge, all the firm's connections with

11

the debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, and any person employed in the U.S. Trustee's office. *See* Fed. R. Bankr. P. 2014(a)(2).

23. The Trustee requests approval of the employment of Fox Rothschild as his attorneys, effective as of October 7, 2025. For the reasons stated above and in the Menkowitz Certification, the retention of Fox Rothschild as the Trustee's attorneys is warranted and should be approved.

## NO PRIOR REQUEST

24. No prior request for the relief sought in this Application has been made to this Court or any other court.

## NOTICE

25. Notice of this Application has been provided to (a) the Office of the United States Trustee for the District of New Jersey; (b) counsel to the Debtors; (c) the Debtors' secured creditors or their counsel, if known; and (d) all parties that have requested notice pursuant to Bankruptcy Rule 2002. The Trustee submits that no further notice is required and requests that the Court determine such notice is adequate and proper.

WHEREFORE the Trustee respectfully requests entry of an Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

DATED: October 17, 2025

By: */s/ Andrew Sklar*
Andrew Sklar

*Chapter 7 Trustee for the Debtors*