**FOX ROTHSCHILD LLP**
Michael G. Menkowitz, Esq.
Martha B. Chovanes, Esq.
Jesse M. Harris, Esq.
Matthew A. Skolnick, Esq.
Two Commerce Square
2001 Market Street – Suite 1700
Philadelphia, PA 19103
215-299-2000
mmenkowitz@foxrothschild.com
mchovanes@foxrothschild.com
jesseharris@foxrothschild.com
mskolnick@foxrothschild.com

*Proposed Attorneys to Andrew Sklar, Chapter 7 Trustee*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>C&D Brewing Company of Marlton, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 26-2767250 | Chapter 7<br><br>Case No. 25-20450 (JNP) |
| In re:<br><br>C&D Brewing Company of Voorhees, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 45-5339118 | Chapter 7<br><br>Case No. 25-20451 (JNP) |
| In re:<br><br>Chesapeake & Delaware Brewing Company, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 52-2032130 | Chapter 7<br><br>Case No. 25-20452 (JNP) |
| In re:<br><br>C&D Brewing Company of Lancaster, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 20-5495818 | Chapter 7<br><br>Case No. 25-20453 (JNP) |

| | |
|---|---|
| In re:<br><br>C&D Brewing Company of Wilmington, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 65-1164042 | Chapter 7<br><br>Case No. 25-20454 (JNP) |
| In re:<br><br>C&D Brewing Company of Media, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 23-3010706 | Chapter 7<br><br>Case No. 25-20455 (JNP) |
| In re:<br><br>Iron Hill Brewery of Lehigh Valley, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 93-1963431 | Chapter 7<br><br>Case No. 25-20456 (JNP) |
| In re:<br><br>C&D Brewing Company of Chestnut Hill, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 24-4773404 | Chapter 7<br><br>Case No. 25-20457 (JNP) |
| In re:<br><br>Iron Hill Brewery of Columbia, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 85-3763635 | Chapter 7<br><br>Case No. 25-20458 (JNP) |
| In re:<br><br>Iron Hill Brewery of Perimeter, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 84-3410005 | Chapter 7<br><br>Case No. 25-20459 (JNP) |

| | |
|---|---|
| In re:<br><br>C&D Brewing Company of Montomgeryville, LLC,<br><br>    Debtor.<br><br>Tax I.D. No. 56-2289479 | Chapter 7<br><br>Case No. 25-20460 (JNP) |
| In re:<br><br>Iron Hill Brewery of Eagleview, LLC,<br><br>    Debtor.<br><br>Tax I.D. No. 84-3064703 | Chapter 7<br><br>Case No. 25-20461 (JNP) |
| In re:<br><br>C&D Brewing Company of Ardmore, LLC,<br><br>    Debtor.<br><br>Tax I.D. No. 38-3910123 | Chapter 7<br><br>Case No. 25-20462 (JNP) |
| In re:<br><br>Iron Hill Brewery of Buckhead, LLC,<br><br>    Debtor.<br><br>Tax I.D. No. 84-2291794 | Chapter 7<br><br>Case No. 25-20463 (JNP) |
| In re:<br><br>Iron Hill Brewery of South Carolina, LLC,<br><br>    Debtor.<br><br>Tax I.D. No. 82-2301851 | Chapter 7<br><br>Case No. 25-20464 (JNP) |
| In re:<br><br>C&D Brewing Company of Phoenixville, LLC,<br><br>    Debtor.<br><br>Tax I.D. No. 20-2541313 | Chapter 7<br><br>Case No. 25-20465 (JNP) |

| | |
|---|---|
| In re: | |
| Iron Hill Brewery of Newtown, LLC, | Chapter 7 |
| Debtor. | Case No. 25-20466 (JNP) |
| Tax I.D. No. 83-3796182 | |
| In re: | |
| C&D Brewing Company of Pennsylvania, LLC, | Chapter 7 |
| Debtor. | Case No. 25-20468 (JNP) |
| Tax I.D. No. 23-2940585 | |
| In re: | |
| Iron Hill Brewery of Hershey, LLC, | Chapter 7 |
| Debtor. | Case No. 25-20469 (JNP) |
| Tax I.D. No. 82-3735290 | |
| In re: | |
| C&D Brewing Company of Huntingdon Valley, LLC, | Chapter 7 |
| Debtor. | Case No. 25-20470 (JNP) |
| Tax I.D. No. 47-4503213 | |
| In re: | |
| Iron Hill Brewery of Rehoboth Beach, LLC, | Chapter 7 |
| Debtor. | Case No. 25-20471 (JNP) |
| Tax I.D. No. 82-1498467 | |
| In re: | |
| Iron Hill Brewery East Market, LLC, | Chapter 7 |
| Debtor. | Case No. 25-20472 (JNP) |
| Tax I.D. No. 81-4889863 | |

| | |
|---|---|
| In re:<br><br>Iron Hill Brewery, LLC,<br><br>                  Debtor.<br><br>Tax I.D. No. 47-5645042 | Chapter 7<br><br>Case No. 25-20476 (JNP) |

**TRUSTEE'S APPLICATION FOR ORDER
AUTHORIZING THE EMPLOYMENT AND RETENTION OF GIULIANO
MILLER & COMPANY, LLC AS ACCOUNTANT AND FINANCIAL ADVISOR
<u>TO THE TRUSTEE, EFFECTIVE AS OF OCTOBER 7, 2025</u>**

TO THE HONORABLE JERROLD N. POSLUSNY:

      Andrew Sklar (the "<u>Trustee</u>"), the Chapter 7 trustee for the estates of the above-captioned

debtors (collectively, the "<u>Debtors</u>"), respectfully requests the entry of an Order, pursuant to 11

U.S.C. §§ 327(a), Fed. R. Bankr. P. 2014(a), and N.J. Bankr. L.R. 2014-1, authorizing the

employment and retention of Giuliano Miller & Company, LLC ("<u>GMCO</u>") as accountant and

financial advisor to the Trustee, effective as of October 7, 2025 (the "<u>Application</u>").  In support of

this Application, the Trustee submits the Certification of Donna M. Miller (the "<u>Miller</u>

<u>Certification</u>"), which is attached hereto as **<u>Exhibit A</u>** and incorporated by reference herein, and

respectfully represents as follows:

<u>**JURISDICTION**</u>

      1.      This Court has jurisdiction to consider this matter, pursuant to 28 U.S.C. §§ 157(a)-

(b) and 1334(b), and the *Standing Order of Reference to the Bankruptcy Court Under Title 11 of*

*the United States District Court for the District of New Jersey*, dated September 18, 2012

(Simandle, C.J.).  This is a core proceeding, pursuant to 28 U.S.C. § 157(b).  Venue is proper

before this Court, pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The bases for the relief requested herein are Section 327(a) of title 11 of the United

States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the United States

Bankruptcy Court for the District of New Jersey (the "Local Rules").

## BACKGROUND

3.      On October 3, 2025 (the "Petition Date"), the Debtors each filed voluntary petitions

for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the

District of New Jersey (the "Court"), commencing the above-captioned Chapter 7 cases (the

"Chapter 7 Cases").[1]

4.      On October 6, 2025, the Office of the United States Trustee appointed the Trustee

as Chapter 7 trustee, which appointment remains in effect [Docket No. 3].[2]

## RELIEF REQUESTED

5.      By this Application, the Trustee seeks authorization to employ and retain GMCO

as his accountant and financial advisor to assist in the administration of these Chapter 7 Cases,

effective as of October 7, 2025, pursuant to Section 327(a) of the Bankruptcy Code, Bankruptcy

Rule 2014(a), and Local Rule 2014-1.  The Trustee further requests that the Court approve the

retention of GMCO under an hourly fee arrangement, in accordance with GMCO's normal hourly

rates in effect at the time services are rendered and GMCO's normal expense reimbursement

policies.

---

[1] Debtor Iron Hill Brewery, LLC filed its voluntary petition on October 4, 2025.  Nevertheless, for purposes of this
Application, the Trustee will refer to the Petition Date for all the Debtors as October 3, 2025.

[2] All Docket I.D.s referenced in this Application pertain to documents filed in the Iron Hill Brewery, LLC case (Case
No. 25-20476).

## GMCO'S QUALIFICATIONS

6.     The Trustee has selected GMCO as his accountant and financial advisor because the members and staff of GMCO possess extensive knowledge and considerable expertise in, among other things, the fields of accounting, recordkeeping, financial reconciliation, auditing, and tax analysis.   Moreover, GMCO has substantial experience advising Chapter 7 trustees and assisting with the administration of cases similar to these Chapter 7 Cases.  The Trustee believes GMCO has assembled a team of highly-qualified professionals and paraprofessionals to provide services to it in these Chapter 7 Cases.

7.     In sum, the Trustee believes that GMCO is well-suited to assist in these proceedings and that the services of GMCO are necessary and essential to the Trustee's performance of his fiduciary duties under the Bankruptcy Code.

## SERVICES TO BE PROVIDED

8.     The services GMCO will provide, as the Trustee's accountant and financial advisor, will include, but are not limited to, the following:

(a)     Coordinating the transition of records to GMCO;

(b)     Inventorying the Debtors' financial records;

(c)     Performing any review, preparation, or audit of the Debtors' filed tax returns and preparing, if necessary, any additional filings with either the Internal Revenue Service or the relevant state authorities;

(d)     Performing an analysis of the Debtors' books and records regarding potential avoidance actions;

(e)     Researching and advising the Trustee with respect to funds owed to the Debtors;

(f)     Assisting the Trustee and his retained professionals in analyzing and reconciling the general ledger and other accounting records and tax returns/notices, as necessary, and the claims, including tax claims filed against the Debtors' estates;

(g)     Performing general accounting and tax advisory services to the Trustee regarding the administration of the bankruptcy estates;

(h)     Performing any auditing and/or "forensic accounting" services as required for the Trustee to administer the Chapter 7 Cases;

(i)     If appropriate, assisting the Trustee in continuing to perform obligations required of an administrator (as defined in Section 3 of the Employee Retirement Income Security Act of 1974) of any employee benefit plans of the Debtors, to the extent necessary under 11 U.S.C. § 704(a)(11) or otherwise;

(j)     Analyzing the financial operations of the Debtors pre and post-petition, as necessary;

(k)     Conducting any requested financial analysis, including verifying the material assets and liabilities of the Debtors, as necessary, and their values;

(l)     Analyzing and advising with respect to any sale of the Debtors' assets;

(m)     Analyzing transactions with insiders, related, and/or affiliated companies;

(n)     Analyzing transactions with the Debtors' financing institutions;

(o)     Assisting Trustee's attorneys in preparing for any depositions and testimony regarding financial matter, as well as preparing for and providing expert testimony at depositions and court hearings, as requested; and

8

(p)    Rendering such other assistance as the Trustee and/or his counsel may deem appropriate, including, but not limited to, with respect to financial, business, and economic issues that may arise.

## PROFESSIONAL COMPENSATION

9.    The Trustee understands that GMCO intends to apply to the Court for the allowance of compensation and reimbursement of out-of-pocket expenses incurred after the Petition Date in connection with the Chapter 7 Cases on an hourly basis, subject to Court approval, and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any Orders entered in these Chapter 7 Cases governing the compensation and reimbursement of professionals for services rendered and charges and disbursements incurred.

10.    The Trustee understands that, subject to the Court's approval, GMCO will be compensated at its standard hourly rates, which are based on the professionals' level of experience. The current hourly rates applicable to the professionals and staff proposed to provide services to the Trustee are as follows:

| Professional | Hourly Rate |
|---|---|
| Senior Member | $875.00 |
| Managers | $695.00 |
| Senior Staff | $540.00-$640.00 |
| Staff | $395.00-$500.00 |
| Paraprofessionals | $330.00 |

11.    The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.  Any such adjustments will be reflected in GMCO's fee requests. There are no alternative fee arrangements from customary billing.  Further, no professional has varied his or her rate based on geographic location.

12.    The Trustee understands and agrees that GMCO will charge for its services on an hourly basis, in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered and for out-of-pocket expenses, all as set forth in the Miller Certification.

13.    The Trustee understands and agrees that GMCO will maintain detailed, contemporaneous records of time and any necessary costs and expenses incurred in connection with rendering the services described above, and that the estates will be charged for all disbursements and expenses incurred in the rendition of services.  These disbursements and expenses include, among other things, costs for telephone and facsimile charges, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees, and other fees related to trials and hearings (including transcripts).  GMCO believes it is more fair to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

14.    It is the Trustee's understanding that GMCO will submit detailed statements to the Court setting forth the services rendered and seeking compensation and reimbursement of expenses.

## **DISINTERESTEDNESS OF PROFESSIONALS**

15.    The Miller Certification describes the relationships, if any, that GMCO has with creditors of the Debtors and other interested parties.  As set forth in the Miller Certification, GMCO does not believe that any of those relationships would foreclose the Trustee's retention of GMCO under Section 327(a) of the Bankruptcy Code in that GMCO (i) does not provide services to any other entity having an adverse interest to the Trustee, the Debtors, their estates, or any other party-in-interest in connection with these Chapter 7 Cases; (ii) is a disinterested person under Section 101(14) of the Bankruptcy Code; and (iii) has no connection with the U.S. Trustee or any other person employed in the office of the U.S. Trustee.  The Trustee has been informed that GMCO

will continue conducting a review of its files to ensure that no disqualifying circumstances arise. If any new relevant facts or relationships are discovered, GMCO will supplement its disclosures to the Court.

## STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

16.    GMCO recognizes that the United States Trustee for the District of New Jersey (the "U.S. Trustee") is charged with reviewing applications for retention and compensation and that the U.S. Trustee will utilize the U.S. Trustee Guidelines to evaluate any such applications.

17.    GMCO intends to comply with any requests from the U.S. Trustee for additional information and disclosures, as set forth in the U.S. Trustee Guidelines, both in connection with this Application and any fee applications to be filed by GMCO in these Chapter 7 Cases.

18.    Moreover, as described in the Miller Certification, and consistent with the U.S. Trustee Guidelines, the Trustee has undertaken certain steps to ensure that the rate structure provided by GMCO is not significantly different from (a) the rates that GMCO charges for other non-bankruptcy engagements or (b) the rates that other comparable counsel would charge to do work substantially similar to the work GMCO will perform in these Chapter 7 Cases.

## BASIS FOR RELIEF REQUESTED

19.    Section 327(a) of the Bankruptcy Code authorizes a trustee, with the court's approval, to "employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).

20.    Bankruptcy Rule 2014(a) requires that an application for retention include specific facts showing (a) the need for the employment, (b) the name of the professional to be employed, (c) the reason for the selection, (d) the professional services to be rendered, (e) any proposed

arrangement for compensation, and (f) to the best of the applicant's knowledge, all the professional's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, and any person employed in the U.S. Trustee's office. *See* Fed. R. Bankr. P. 2014(a)(2).

21.      The Trustee requests approval of the employment of GMCO, effective as of October 7, 2025.  For the reasons stated above and in the Miller Certification, the retention of GMCO as the Trustee's accountant and financial advisor is warranted and should be approved.

## NO PRIOR REQUEST

22.      No prior request for the relief sought in this Application has been made to this Court or any other court.

## NOTICE

23.      Notice of this Application has been provided to (a) the Office of the United States Trustee for the District of New Jersey; (b) counsel to the Debtors; (c) the Debtors' secured creditors or their counsel, if known; and (d) all parties that have requested notice pursuant to Bankruptcy Rule 2002.  The Trustee submits that no further notice is required and requests that the Court determine such notice is adequate and proper.

WHEREFORE the Trustee respectfully requests entry of an Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

DATED: October 17, 2025

By: */s/ Andrew Sklar*
    Andrew Sklar
    *Chapter 7 Trustee for the Debtors*